# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDRE DAVIS,

        Plaintiff,         Case Number: 07-11718

v.         HON. VICTORIA A. ROBERTS

JAN TROMBLEY, ET AL.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Andre Davis has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, a state inmate currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

## I. Background

Plaintiff's allegations arise from events that occurred while he was incarcerated at the Saginaw Correctional Facility in Saginaw, Michigan. Plaintiff alleges that, on August 8, 2006, he was involved in an altercation with an unidentified inmate. Plaintiff was stabbed by the other

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

inmate. Plaintiff alleges that defendant Corrections Officer Koch wrote a false possession of weapon misconduct ticket against Plaintiff, and that defendant Corrections Officer Harmon also fabricated a misconduct ticket against Plaintiff in connection with the stabbing. Plaintiff further alleges that defendant Corrections Officer Freed stole from Plaintiff a previous ticket written against Plaintiff for fighting and being out of place. This stolen ticket was returned to Plaintiff by another corrections officer.

Plaintiff also names as defendants Jan Trombley and Gary Kuiper, but makes no specific allegations against them.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See* Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Brock v. McWherter, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's § 1983 claim is subject to dismissal under 28 U.S.C. §§ 1915(e)(2).

**A. Defendant Corrections Officers Koch, Harmond, and Freed**

Plaintiff's allegations against Corrections Officers Koch, Harmond, and Freed relate to misconduct tickets issued in connection with the fighting incident which occurred on August 8, 2006. First, Plaintiff alleges that defendants Harmon and Koch issued false misconduct tickets. "False accusations of misconduct filed against an inmate do not constitute a deprivation of

2

constitutional rights where the charges are adjudicated in a fair hearing." Jackson v. Madery, 158 Fed. Appx. 656, 662 (6th Cir. 2005), *reh'g denied* May 30, 2006.  Although Plaintiff alleges that the misconducts were false, he does not allege that he was deprived of a fair hearing. Therefore, these allegations fail to state a claim under § 1983.

The basis for Plaintiff's allegations against defendant Freed is more difficult to discern from the complaint.  It appears that Plaintiff alleges that defendant Freed stole from Plaintiff a major misconduct ticket for fighting and being out of place.  The ticket was returned to Plaintiff by a different corrections officer.  Again, although Plaintiff claims he is not guilty of the misconducts, he does not allege that Freed's alleged actions impacted his ability to obtain a fair hearing on these charges.  Therefore, he fails to allege any actions by Freed which rise to the level of depriving him of a right secured by the Constitution.

### B. Defendants Trombley and Kuiper

In the case caption, Plaintiff names as defendants Jan Trombley and Gary Kuiper. However, in the body of his complaint, Plaintiff fails to assert any specific claims against these defendants.  Federal courts hold *pro se* complaints to a "less stringent standard" than complaints drafted by attorneys.  Haines v. Kerner, 404 U.S. 519 (1972).  However, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief."  Mullins v. Smith, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998).  Even holding Plaintiff's complaint to the less stringent standard applicable to *pro se* complaints, this Court must dismiss Plaintiff's claims against defendants Trombley and Kuiper because Plaintiff fails to plead *any* facts to show a legal wrong has been committed.

3

## II. Conclusion

For the foregoing reasons, the Court finds that Plaintiff fails to state a claim against any of the named defendants. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), the Court **ORDERS** Plaintiff's complaint **DISMISSED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: June 29, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on June 29, 2007.

s/Carol A. Pinegar
Deputy Clerk

---